IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL NEGRON,

        Plaintiff,              OPINION AND ORDER

v.

                                         23-cv-445-wmc

BONNIE L. ALT, LARRY FUCHS, RYAN BLOUNT,
DAWN M. FOFANA, JOHN DOE, ELIZABETH A. LINDER,
C.O. FOX, C.O. RAMIREZ, SGT. KATHY CASCADDEN,
SGT. PHIPPS, and BUREAU OF HEALTH SERVICES-MADISON, WI,

        Defendants.

---

Paul Negron, who is representing himself and filed this lawsuit while incarcerated at New Lisbon Correctional Institution, alleges that defendants did not provide him with timely medical treatment for "priapism" (prolonged erection of the penis) while he was incarcerated at Columbia Correctional Institution ("Columbia"). Because Negron was incarcerated at the time he filed this action and has not prepaid the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. The court accepts Negron's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The court will dismiss the complaint because he has not alleged what defendants did, but will allow Negron an opportunity to amend his complaint. The court will also deny without prejudice Negron's motion for assistance recruiting counsel. (Dkt. #21.)

OPINION

## I. Screening of Complaint

Negron, pursuant to 42 U.S.C. § 1983, sues the following Columbia employees as defendants in their individual and official capacities: (1) Nurse Bonnie Alt; (2) Healthcare Service Manager Dawn Fofana; (3) Psychiatrist Elizabeth Lindner; (4) Warden Larry Fuchs; (5) Security Director Ryan Blount; (6) Security Supervisor John Doe; (7) Correctional Officers Fox and Ramirez; and (8) Sergeants Kathy Cascadden and Phipps.  Negron also lists the Department of Corrections Bureau of Health Services as a defendant.

Negron alleges that, beginning on October 28, 2021, defendants knew that he was suffering from priapism.  He alleges that he notified the "immediate unit security staff" about his condition, but staff decided not to treat his condition because there were no officers available to take him to the emergency room.  Negron asserts that defendants did not give him proper medical care or send him to the hospital until October 31.  Negron alleges that his condition required surgery, which was apparently performed while he was awake and resulted in permanent erectile dysfunction.

The Eighth Amendment prohibits prison officials from acting with "deliberate indifference" to prisoners' serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  "To state a claim for deliberate indifference for deficient medical care, the plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition."  *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017) (quotation marks omitted).  Negron's allegation that his condition, priapism, required surgery is sufficient to establish an objectively serious medical condition.

Next, "deliberate indifference" means that the official was aware that the prisoner faced a substantial risk of serious harm but disregarded that risk by consciously failing to take reasonable measures to address it. *Forbes v. Edgar,* 112 F.3d 262, 266 (7th Cir. 1997). Deliberate indifference constitutes *more than* negligent acts, or even grossly negligent acts, although it requires something less than *purposeful* acts. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Deliberate indifference is considered a "high standard" to meet, requiring more than mere medical malpractice. *See King v. Kramer*, 680 F.3d 1013, 1018-19 (7th Cir. 2012) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

Negron's allegation that he had to wait three days to get treatment for his priapism suggests that someone may have acted with deliberate indifference to his serious medical need. However, his complaint is unclear as to who was responsible for the delay. He alleges that he notified "immediate unit security staff" about his condition, and the security supervisor said that there were no officers available to take him to the emergency room, but it is unclear what role the other, named defendants played in the alleged delay of his care. Thus, before he may proceed, he must file an amended complaint, using this court's standard form, explaining specifically what each named defendant did. Negron should leave out the Department of Corrections Bureau of Health Services from his amended complaint because it is an agency of the State of Wisconsin, and the state and its agencies are not suable for civil rights violations. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). **If Negron does not respond by the deadline indicated below, the court will dismiss this lawsuit.**

**II. Motion for Assistance Recruiting Counsel**

Negron moves for assistance recruiting counsel, noting that he has a traumatic brain injury, neurological disorders, post-traumatic stress disorder and schizophrenia. In its discretion, the court may choose to recruit pro bono counsel for a pro se litigant in certain, limited circumstances, if the legal and factual difficulties of this case exceed the pro se litigant's abilities. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). At this point, Negron has not shown that the legal and factual difficulties of the case are beyond his abilities when he only needs to file an amended complaint with more details about what defendants did. Accordingly, Negron's motion for assistance recruiting counsel is denied without prejudice.

ORDER

IT IS ORDERED that:

1) Plaintiff Paul Negron's complaint (dkt. #1) is DISMISSED without prejudice. He may have until January 2, 2025, to file an amended complaint that corrects the problems described in this order. If plaintiff fails to respond by the deadline, the court will dismiss this case.

2) Plaintiff must file his amended complaint on the court's complaint form, which will be sent to him along with a copy of this order. Plaintiff must fill out the form completely.

3) It is plaintiff's obligation to inform the court of any new address. If he fails to do so, his claims may be dismissed for failure to prosecute. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

4) Plaintiff's motion for appointment of counsel (dkt. #21) is DENIED without prejudice to his renewing it, provided that he shows why he is incapable of meeting the demands of this lawsuit.

Entered this 10th day of December, 2024.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge